

**ORDERED in the Southern District of Florida on January 28, 2020.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

```
In re:                        )    CASE NO. 20-10135-RAM
                              )    CHAPTER   13
SCOTT DEUTSCH,                )
                              )
                              )
            Debtor.           )
                              )
                              )
```

**ORDER DENYING MOTION FOR**
**CONTEMPT BUT LIMITING SCOPE OF**
**PERMISSIBLE RELIEF IN CRIMINAL CONTEMPT CASE**

The Court conducted a hearing on January 23, 2020, on Debtor's Verified Emergency Motion to Hold Creditor, Jeffrey Charlow and Creditor's Counsel Natalie Guerra-Valdes, Esq., in Contempt of Court for Intentional Violation of the Automatic Stay, to Enforce the Automatic Stay, and for Attorney's Fees and Other Sanctions (the "Motion for Contempt") [DE# 9]. The Motion for Contempt seeks relief

against Jeffrey Charlow and his counsel, Natalie Guerra-Valdes, Esq. (collectively, the "Respondents"), for proceeding with a criminal case pending against the Debtor in Broward County, Florida, Case No. 18-003514-CT-10-A (the "Criminal Contempt Case"). The Criminal Contempt Case was initiated by an order entered by Judge Robert W. Lee in a civil case also pending against the Debtor in Broward County, Florida, Case No. 16-00012 COCE (53) (the "Civil Case"). The order was entered based upon the Debtor's willful failure to obey court orders entered in the Civil Case.

The Debtor argues that the Respondents violated the automatic stay by proceeding with a postpetition hearing in the Criminal Contempt Case on a motion to compel the Debtor to post a cash bail bond instead of a surety bond. The Respondents argue that Judge Lee determined that the Criminal Contempt Case could proceed and argue further that Judge Lee was correct based on 11 U.S.C. § 362(b)(1). That section excepts from the automatic stay "the commencement or continuation of a criminal action or proceeding against the debtor."

The Court has considered the record, including the Motion for Contempt, Respondents' response [DE# 14] and orders entered in the Criminal Contempt Case that were attached to the response. The Court has also considered the arguments of counsel presented at the January 23rd hearing and reviewed applicable law.

## Discussion

This Court agrees with decisions holding that criminal contempt proceedings fall within the § 362(b)(1) exception if the criminal contempt order that was entered, or is being sought, is intended to uphold or vindicate the court's authority or dignity. *See, e.g., In re Burgess*, 503 B.R. 154, 156 (Bankr. M.D. Fla. 2014). Thus, generally speaking, the continuation of the Criminal Contempt Case is not a violation of the automatic stay.

Proceeding with the motion to compel a cash bond after the bankruptcy was filed arguably could have been a stay violation if the court had granted the motion and ordered the Debtor incarcerated unless he posted a cash bond that required him to use property of his bankruptcy estate. That did not happen. Debtor's counsel presented argument against the motion to compel, and Judge Lee denied the motion.

Going forward, the Criminal Contempt Case may continue and there will be no violation of the automatic stay if Judge Lee imposes a fine or sentences the Debtor to jail based upon his prepetition conduct. There are two limitations. First, Judge Lee may not sentence the Debtor to jail with an Order that purges the sentence if the Debtor pays a fine and payment will necessarily come from property of the estate. Imposing a fine on the Debtor for his past conduct will not violate the stay if the fine is a postpetition debt

3

that may be paid in the Debtor's chapter 13 plan rather than a fine immediately payable as a condition for not being incarcerated.

Second, Judge Lee cannot threaten jail unless the Debtor produces documents or appears for deposition because any inquiry into the Debtor's financial condition must now be done in the bankruptcy case.

Therefore, it is -

**ORDERED** as follows:

1. The Motion for Contempt is denied.

2. Subject to the limitations in this Order, the state court may proceed with the Criminal Contempt Case and may fine or incarcerate the debtor if it finds him in criminal contempt.

###

COPIES TO:

Timothy S. Kingcade, Esq.
Natalie Guerra-Valdes, Esq.
Nancy K. Neidich, Trustee